# EXHIBIT A

| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: |
| SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION |
| Case number *(if known)* _____ Chapter __11__ |

☐ Check if this is an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
| --- | --- | --- |
| 1. | Debtor's name | Ria R Squared, Inc. |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 66-0858686 |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
| --- | --- |
| 3001 SW 3rd Avenue<br>Miami, FL 33129<br>Number, Street, City, State & ZIP Code | 801 Brickell Ave 8th Floor<br>Miami, FL 33131<br>P.O. Box, Number, Street, City, State & ZIP Code |
| Miami-Dade<br>County | Location of principal assets, if different from principal place of business<br><br>_____<br>Number, Street, City, State & ZIP Code |

| | | |
| --- | --- | --- |
| 5. | Debtor's website (URL) | _____ |
| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor    Ria R Squared, Inc.                  Case number *(if known)* _____
         Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

     ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

     ☐ A plan is being filed with this petition.

     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No.

☐ Yes.

| | | | |
|---|---|---|---|
| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☒ No

☐ Yes.

List all cases. If more than 1, attach a separate list

| | | | |
|---|---|---|---|
| Debtor _____ | | Relationship _____ |
| District _____ | When _____ | Case number, if known _____ |

Official Form 201          **Voluntary Petition for Non-Individuals Filing for Bankruptcy**          page 2

| Debtor | Ria R Squared, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☒ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Debtor | Ria R Squared, Inc. | Case number (*if known*) |
|---|---|---|
| | Name | |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07 / 15 / 2026
            MM / DD / YYYY

X _____          M.K. David Kang
Signature of authorized representative of debtor          Printed name

Title    President and CEO

**18. Signature of attorney**

X _____          Date  7 / 15 / 2026
Signature of attorney for debtor                MM / DD / YYYY

Brett Lieberman
Printed name

Edelboim Lieberman PLLC
Firm name

2875 NE 191st Street, Penthouse One
Miami, FL 33180

Number, Street, City, State & ZIP Code

Contact phone    305-768-9909          Email address    brett@elrolaw.com

FL    69583
Bar number and State

Official Form 201          **Voluntary Petition for Non-Individuals Filing for Bankruptcy**          page 4

Fill in this information to identify the case:

Debtor name    Ria R Squared, Inc.

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

Case number (if known)  _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.    Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.    Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.    18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
☐ Schedule H: Codebtors (Official Form 206H)
☒ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
☐ Amended Schedule _____
☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   07/15/2026   x _____
                                            Signature of individual signing on behalf of debtor

                                            M.K. David Kang
                                            Printed name

                                            President and CEO
                                            Position or relationship to debtor

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | Ria R Squared, Inc. |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION |
| Case number (if known): | |

☐ Check if this is an

amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| American Express 4315 South 2700 West Salt Lake City, UT 84184 | | Business Operations | | | | $10,141.04 |
| Emilio Tomas Gonzalez 228 SW 30th Road Miami, FL 33129 | | Salary | | | | $240,000.00 |
| Epiq eDiscovery Solutions, Inc. 777 3rd Avenue, 12th Floor New York, NY 10017 | | Services | | | | $106,226.35 |
| Integrated Solutions 7000 W Palmetto Park Rd., Suite 503 Boca Raton, FL 33433 | | Services | | | | $60,000.00 |
| Internal Revenue Service POB 21126 Philadelphia, PA 19114 | | | | | | $2,803,727.13 |
| JP Morgan Chase Bank, N.A POB 14231111 Polaris Parkway Columbus, OH 43240 | | Business Operations | | | | $19,658.29 |
| Latham & Watkins LLP 355 South Grand Avenue, Suite 100 Los Angeles, CA 90071 | | Services | | | | $27,048.00 |

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

Debtor  Ria R Squared, Inc.                                    Case number *(if known)*
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| M.K. David Kang 5757 Valley Oak Dr Los Angeles, CA 90068 | M.K. David Kang | Salary | | | | $2,460,000.00 |
| Michael Leung 228 SW 30th Rd Miami, FL 33129 | Michael Leung | | | $5,000,000.00 | $0.00 | $5,000,000.00 |
| New York Dept of Taxation and Finance Bankruptcy Section P.O. Box 5300 Albany, NY 12205 | | | | | | $339,779.93 |
| NYC Department of Finance Correspondence Unit 66 John Street, 13th Floor<br><br>New York, NY 10038 | | | | | | $253,085.82 |
| Sakiko Shida 3701 Overland Ave C-230 Los Angeles, CA 90034 | | Services | Unliquidated | | | $250,000.00 |
| Shinhan Securities Co., Ltd. 70 Yeouidae-ro, Yeongdeungpo-gu Seoul 07325, South Korea) | | Contract Termination | Contingent Unliquidated Disputed | | | $185,000,000.00 |
| Tim Torline Tim Torline (1500 10th St Manhattan Beach, CA 90266 | | Services | Unliquidated | | | $500,000.00 |
| Winston & Strawn LLP 300 N. LaSalle Dr., Suite 4400, Chicago, IL 60654 | | Services | | | | $598,288.50 |

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Fill in this information to identify the case:

Debtor name    Ria R Squared, Inc.

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals      12/15

### Part 1:   Summary of Assets

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**
       Copy line 88 from *Schedule A/B*............................................................................................    $     1,500,000.00

    1b. **Total personal property:**
       Copy line 91A from *Schedule A/B*.......................................................................................    $     677,858,613.58

    1c. **Total of all property:**
       Copy line 92 from *Schedule A/B*.........................................................................................    $     679,358,613.58

### Part 2:   Summary of Liabilities

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D*....................................    $     6,468,117.00

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
       Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................    $     3,396,592.88

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
       Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*..............................    +$     189,271,362.18

4. **Total liabilities** ..................................................................................................................
    Lines 2 + 3a + 3b                           $     199,136,072.06

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

**United States Bankruptcy Court**
**Southern District of Florida, Miami Division**

In re   Ria R Squared, Inc.                                  Case No. _____

                                         Debtor(s)        Chapter    11 _____

## VERIFICATION OF CREDITOR MATRIX

I, the President and CEO of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:    **07/15/2026** _____                                                       _____

                                        M.K. David Kang/ President and CEO
                                        Signer/Title

American Express
4315 South 2700 West
Salt Lake City, UT 84184


Ducenta Squared Asset Management
2240 E Maple Ave,
El Segundo, CA 90245


Emilio Tomas Gonzalez
228 SW 30th Road
Miami, FL 33129


Epiq eDiscovery Solutions, Inc.
777 3rd Avenue, 12th Floor
New York, NY 10017


Integrated Solutions
7000 W Palmetto Park Rd., Suite 503
Boca Raton, FL 33433


Internal Revenue Service
POB 21126
Philadelphia, PA 19114


JP Morgan Chase Bank, N.A
POB 14231111 Polaris Parkway
Columbus, OH 43240


Latham & Watkins LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071


M.K. David Kang
5757 Valley Oak Dr
Los Angeles, CA 90068


Michael Leung
228 SW 30th Rd
Miami, FL 33129


New York Dept of Taxation and Finance
Bankruptcy Section
P.O. Box 5300
Albany, NY 12205


NPI Advisors
228 SW 30th Road
Miami, FL 33129


NYC Department of Finance
Correspondence Unit
66 John Street, 13th Floor
New York, NY 10038


R Squared ML LLC, Korea

Sakiko Shida
3701 Overland Ave C-230
Los Angeles, CA 90034


Shinhan Securities Co., Ltd.
70 Yeouidae-ro, Yeongdeungpo-gu
Seoul 07325, South Korea)


Tetsuya Ishida
4823 Alminar Ave
La Canada Flintridge, CA 91011


Tim Torline
1500 10th St
Manhattan Beach, CA 90266


Winston & Strawn LLP
300 N. LaSalle Dr., Suite 4400,
Chicago, IL 60654

## RESOLUTIONS OF THE BOARD OF DIRECTORS
## BY WRITTEN CONSENT OF RIA R SQUARED INC.

The undersigned, being all the members of the Board of Directors (the "Board") of Ria R Squared, Inc., a Delaware corporation (the "Company"), in accordance with the Delaware General Corporation Law, and Article 3.1 of the Company's Bylaws dated March 3, 2025 (the "Bylaws"), hereby consent to the adoption of the following resolutions following a meeting of the Board, effective as of July 15, 2026 (the "Effective Date"):

### RELIEF UNDER CHAPTER 11 OF TITLE 11 OF THE UNITED STATES CODE

**RESOLVED**, that, in the judgment of the Board, after considering, among other things, the financial condition, liabilities, operations, business prospects, and available alternatives of the Company, and after consultation with the Company's legal and financial advisors, it is advisable and in the best interests of the Company, its creditors, and other parties in interest for the Company to commence a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), by filing a voluntary petition for relief in the United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division (the "**Chapter 11 Case**"), and the commencement of the Chapter 11 Case is hereby authorized and approved; and it is

**FURTHER RESOLVED**, that M.K. David Kang, the Company's President and CEO and each other officer of the Company designated by the Board or by an officer authorized under these resolutions (each, an "**Authorized Officer**" and collectively, the "**Authorized Officers**"), acting individually, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute, verify, acknowledge, deliver, and file the voluntary petition, schedules of assets and liabilities, statements of financial affairs, lists, declarations, affidavits, applications, motions, pleadings, notices, reports, certificates, and all other documents necessary or appropriate to commence and administer the Chapter 11 Case; and it is

**FURTHER RESOLVED**, that each Authorized Officer, acting individually, be, and hereby is, authorized, empowered, and directed to take any and all actions that such Authorized Officer determines to be necessary, advisable, or appropriate to obtain relief under the Bankruptcy Code and to continue the operation of the Company's business during the Chapter 11 Case, including, without limitation, taking actions concerning the payment of employees, taxes, insurance, utilities, vendors, and other obligations; the use of cash collateral; the maintenance of bank accounts and cash-management systems; the procurement of debtor-in-possession financing; and the negotiation, execution, and performance of any related agreements, subject to any approval required from the Bankruptcy Court.

### RETENTION OF PROFESSIONALS

**RESOLVED**, that each Authorized Officer, acting individually, be, and hereby is, authorized, empowered, and directed to employ and retain Edelboim Lieberman, PLLC as bankruptcy counsel to represent and assist the Company in connection with the Chapter 11 Case and related matters; and, in connection therewith, to negotiate, execute, and deliver an engagement agreement; pay such retainers, fees, costs, and expenses as may be required or appropriate; and cause an application to be filed with the Bankruptcy Court seeking authority to retain such firm, as applicable; and it is

**FURTHER RESOLVED**, that the Company is authorized to pay Edelboim Lieberman, PLLC a retainer in the amount of $250,000.00, or such other amount as may be set forth in an engagement agreement approved by an Authorized Officer, subject to the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Southern District of Florida, and any order of the Bankruptcy Court; and it is

**FURTHER RESOLVED**, that each Authorized Officer, acting individually, be, and hereby is, authorized, empowered, and directed to employ and retain such other attorneys, accountants, financial advisors, investment bankers, claims and noticing agents, consultants, appraisers, brokers, and other professionals as such Authorized Officer determines to be necessary, advisable, or appropriate to assist the Company in connection with the Chapter 11 Case; and, in connection therewith, to negotiate, execute, and deliver appropriate engagement agreements; pay appropriate retainers, fees, costs, and expenses; and cause any necessary retention applications or other papers to be filed with the Bankruptcy Court.

## BANKRUPTCY RELATED TRANSACTIONS AND DOCUMENTS

**RESOLVED**, that each Authorized Officer, acting individually, be, and hereby is, authorized, empowered, and directed to negotiate, execute, deliver, and perform any agreement, instrument, certificate, consent, notice, or other document, and to take any action, that such Authorized Officer determines to be necessary, advisable, or appropriate in connection with the Chapter 11 Case, including any agreement or document relating to:

1. The use of cash collateral or the granting of adequate protection;

2. Debtor-in-possession financing or other postpetition financing;

3. The continuation or modification of the Company's cash-management system and bank accounts;

4. The payment of prepetition or postpetition claims;

5. The assumption, assumption and assignment, or rejection of executory contracts or unexpired leases;

6. The sale, lease, or other disposition of assets;

7. The settlement, compromise, prosecution, or defense of claims and causes of action;

8. The filing and prosecution of a plan of reorganization or liquidation and related disclosure statement; and

9. Any other transaction contemplated by or undertaken in connection with the Chapter 11 Case, in each case subject to any approval required from the Bankruptcy Court; and it is

**FURTHER RESOLVED**, that each Authorized Officer, acting individually, be, and hereby is, authorized, empowered, and directed to open, close, maintain, or modify bank accounts; designate authorized signatories; execute banking and cash-management documents; and take any related action necessary or appropriate for the operation of the Company during the

2

Chapter 11 Case, subject to any requirements of the Bankruptcy Court or the Office of the United States Trustee.

## FURTHER ACTIONS AND RATIFICATION OF PRIOR ACTIONS

**RESOLVED**, that, in addition to the specific authorizations conferred by the foregoing resolutions, each Authorized Officer, acting individually, be, and hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to take or cause to be taken any and all further actions; to negotiate, execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, pleadings, notices, and other documents; and to pay all fees, costs, and expenses, including filing fees, that such Authorized Officer determines to be necessary, advisable, or appropriate to carry out the intent and accomplish the purposes of the foregoing resolutions; and it is

**FURTHER RESOLVED**, that the omission from these resolutions of any agreement, instrument, document, filing, action, or transaction relating to the matters contemplated herein shall not limit the authority of any Authorized Officer to take such action or execute such document if such Authorized Officer determines that the action or document is necessary, advisable, or appropriate to carry out the intent and purposes of these resolutions; and it is

**FURTHER RESOLVED**, that all actions previously taken, and all agreements, instruments, documents, payments, and transactions previously executed, delivered, made, or performed, by any director, officer, employee, agent, attorney, or representative of the Company in connection with the matters contemplated by the foregoing resolutions be, and hereby are, adopted, approved, confirmed, and ratified in all respects as the acts and deeds of the Company; and it is

**FURTHER RESOLVED**, that the Secretary or any Assistant Secretary of the Company be, and hereby is, authorized, empowered, and directed to certify the adoption and continuing effectiveness of the foregoing resolutions and to deliver certified copies thereof to any person or entity as may be requested.

**DIRECTORS**:

_____
M.K. David Kang, Director and 50% Shareholder


_____
Michael Leung, Director and 50% Shareholder

3

## FURTHER ACTIONS AND RATIFICATION OF PRIOR ACTIONS

**RESOLVED**, that, in addition to the specific authorizations conferred by the foregoing resolutions, each Authorized Officer, acting individually, be, and hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to take or cause to be taken any and all further actions; to negotiate, execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, pleadings, notices, and other documents; and to pay all fees, costs, and expenses, including filing fees, that such Authorized Officer determines to be necessary, advisable, or appropriate to carry out the intent and accomplish the purposes of the foregoing resolutions; and it is

**FURTHER RESOLVED**, that the omission from these resolutions of any agreement, instrument, document, filing, action, or transaction relating to the matters contemplated herein shall not limit the authority of any Authorized Officer to take such action or execute such document if such Authorized Officer determines that the action or document is necessary, advisable, or appropriate to carry out the intent and purposes of these resolutions; and it is

**FURTHER RESOLVED**, that all actions previously taken, and all agreements, instruments, documents, payments, and transactions previously executed, delivered, made, or performed, by any director, officer, employee, agent, attorney, or representative of the Company in connection with the matters contemplated by the foregoing resolutions be, and hereby are, adopted, approved, confirmed, and ratified in all respects as the acts and deeds of the Company; and it is

**FURTHER RESOLVED**, that the Secretary or any Assistant Secretary of the Company be, and hereby is, authorized, empowered, and directed to certify the adoption and continuing effectiveness of the foregoing resolutions and to deliver certified copies thereof to any person or entity as may be requested.

**DIRECTORS**:

_____
M.K. David Kang, Director and 50% Shareholder

_____
Michael Leung, Director and 50% Shareholder

3

## SECRETARY'S CERTIFICATE

The undersigned, being the duly elected, qualified, and acting Secretary of the Company hereby certifies that the foregoing resolutions were duly adopted by the Board of Directors of the Company by written consent effective as of July 15, 2026, in accordance with the Company's governing documents and applicable law, and that such resolutions have not been amended, rescinded, or revoked and remain in full force and effect as of the date set forth below.

**Dated: 7/15/2026**

RIA R SQUARED INC

By: _____
Name: M.K. David Kang,
Title: Secretary

4